UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ, CDCR #AA-2974,<br><br>                              Plaintiff,<br><br>vs.<br><br>Ms. ABRIL, et al.,<br><br>                              Defendants. | Case No.:  3:15-cv-2937-BTM-RBB<br><br>**ORDER:**<br><br>**(1)  DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 4]**<br><br>**AND**<br><br>**(2)  DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff, GUILLERMO TRUJILLO CRUZ, currently incarcerated at Kern Valley State Prison ("KVSP"), in Delano, California, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 28, 2015 (ECF No. 1).

Plaintiff claims several San Diego County Sheriff's Department officials retaliated against him while he was detained in the San Diego County Jail after he filed several inmate grievances again them in October 2012. *See* ECF No. 1 at 3-5. He seeks declaratory and injunctive relief, as well as compensatory and punitive damages and

1  costs. *Id.* at 7. Plaintiff did not prepay the full civil filing fee required by 28 U.S.C.
2  § 1914(a) when he filed his Complaint, *see* ECF No. 2, but in response to this Court's
3  OSC (ECF No. 4), he filed a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 4).

### I.     Motion to Proceed IFP

"[A] federal litigant who is too poor to pay court fees may proceed *in forma pauperis*. This means that the litigant may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, __ U.S. __, 135 S. Ct. 1759, 1761 (2015). "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners," like Plaintiff, however, "face an additional hurdle." *Id.* In addition to the requirement that they "pay the full amount of a filing fee," in "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II. Application to Plaintiff

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, Plaintiff claims San Diego County Sheriff's Department officials retaliated against him after he filed several inmate grievances against them while he was detained in the County Jail in October 2012. *See* ECF No. 1 at 3-5. He does not claim that he faced any "imminent" or "on going danger" as a result of Defendants' actions when he filed his Complaint from KVSP more than three years later in December 2015. *See Cervantes*, 493 F.3d at 1053 ("[T]he availability of [§ 1915(g)'s imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."); *see also Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (finding that "allegations that the prisoner faced imminent danger in the past" are insufficient to trigger section 1915(g)'s imminent and serious physical injury exception); *see also Finley v. Silva,* 2011 WL 4529669 at * 2 (S.D. Cal. Sept. 28, 2011) (unpublished) (finding plaintiff's claims that prison officials "'fabricated' disciplinary charges against him, and damaged or confiscated several items of his

personal property in retaliation for his filing inmate grievances" insufficient to satisfy § 1915(g)'s "imminent danger of serious physical injury" exception); *Gonzales v. Castro*, 2010 WL 2471030 at *2 (E.D. Cal. June 9, 2010) (unpublished) (finding prisoner's allegations of retaliation insufficient to "constitute a real danger . . . or even an ongoing threat" of "serious physical injury" under § 1915(g)); *Marshall v. Florida Dept. of Corrections*, 2009 WL 1873745 at * 1 (N.D. Fla. June 27, 2009) (finding "vague and non-specific threats and 'danger' at the hands of correctional officers ... in retaliation for [plaintiff's] persistent grievance filing," insufficient to meet § 1915(g) "imminent danger of serious physical injury" exception).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, Guillermo Trujillo Cruz, identified as CDCR Inmate #AA-2974, while detained or incarcerated, has filed more than three civil actions which have been determined to be frivolous or malicious, or which have been dismissed for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).

They are:

1) *Trujillo v. Ruiz, et al.*, Civil Case No. 1:14-cv-00975-SAB (E.D. Cal. Jan. 6, 2016) (Order Dismissing Action for Failure to State a Claim upon which Relief Could be Granted) (ECF No. 22) (strike one);[1]

---

[1] Plaintiff's appeal of this dismissal, No. 16-15101, is still pending before the Ninth Circuit, *see* ECF Nos. 24-27. Regardless of the outcome of this appeal, however, Judge Boone's Order of Dismissal still qualifies as a 'strike' against Plaintiff pursuant to § 1915(g). *See Coleman*, 135 S. Ct. at 1765 ("[W]e hold that a prisoner who has accumulated three prior

1  2) *Trujillo v. Munoz,* 2016 WL 2743206 at *1-3 (E.D. Cal. May 11, 2016) (unpublished) (Order Dismissing Complaint with Prejudice [for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A]), Civil Case No. 1:14-cv-00976-DLB (ECF No. 19) (strike two);

3) *Trujillo v. Munoz*, 2016 WL 2898405 at *1-3 (E.D. Cal. May 17, 2016) (unpublished) (Order Dismissing this Action for Failure to State a Claim Upon Which Relief Could be Granted (pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A)), Civil Case No. 1:14-cv-01215-SAB (ECF No. 21) (strike three); and

4) *Trujillo v. Sherman*, Civil Case No. 1:14-cv-01401-BAM (E.D. Cal. April 24, 2015) (Order Dismissing Action for Failing to State a Claim [pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A]) (ECF No. 22); *aff'd Trujillo v. Sherman*, 632 Fed. Appx. 426 (9th Cir. Jan. 28, 2016) (strike four).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

/ / /

/ / /

/ / /

---

qualifying dismissals under § 1915(g) may not file an additional suit *in forma pauperis* while his appeal of one such dismissal is pending.").

### III.     Conclusion and Order

For the reasons set forth above, the Court:

(1)     **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 4) as barred by 28 U.S.C. § 1915(g);

(2)     **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a); and

(3)     **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated:  June 7, 2016

_____
HON. BARRY TED MOSKOWITZ, CHIEF JUDGE
United States District Court